## Ruggles Lumber Co. v. Serling (No. 1)

*Elmer J. Harris*, for plaintiff.

*Arthur A. Maguire*, for defendants.

APONICK, J., October 19, 1955.—This is on a rule to strike off a mechanic's lien because of an alleged failure to comply with section 21 of the Act of June 4, 1901, P. L. 431, as amended, 49 PS §131, in that claimant failed to file the required affidavit within 30 days after serving notice of filing of claim.

Claimant is a subcontractor. The claim is for $2,967.27 for lumber and other materials furnished the contractor in the erection of a new home for the owners. The claim was filed June 21, 1955, the sheriff served notice on the owners on June 22, 1955, and on June 24 made his return of service. The return was not sworn to and on August 3, 1955, the owners obtained the instant rule to strike off the lien, whereupon claimant petitioned for leave to amend the return by having it sworn to.

The pertinent part of section 21 reads:

"Within one month after filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number, and the date of filing thereof; and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service. . . . A failure to serve such notice or post it, or have service accepted as herein provided, and to file an affidavit thereof within the time specified, shall be sufficient ground for striking off the claim."

The owners rely on the above section; claimant, on the other hand, relies on section 51 of the Act, 49 PS §243, which reads:

"Any claim, petition, answer, replication, scire facias, affidavit of defense, or other paper filed of record, may be amended from time to time by agreement of the parties, or by leave of the Court, upon petition for

that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake they were omitted from or wrongfully stated in the particulars as to which the amendment is desired. Such amendment shall be of right, saving intervening rights; except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim, or a wholly different party as the defendant with whom the claimant contracted; but the description of the property or the name of such defendant may be amended so as to be made more accurate, as in other cases of amendment. If the names of the owner and contractor be correctly stated and the description of the property be reasonably accurate, the claim shall be sufficient notice to the owner, purchasers and lien creditors, though it may have to be amended in other particulars."

The question before us then, is whether the sheriff's failure to swear to his return is fatal to the lien, or whether the defect can be cured by an amendment.

In passing on section 51, the court in James v. Homoyer, 21 Montg. 88, observed at page 91:

"The exception in this section indicates that the right to amend shall be liberally granted, for the provision is that the exception shall apply only when the time for filing the lien has expired and the amendment 'undertakes to substitute an entirely different property from that originally described in the claim or a wholly different party as the defendant with whom the claimant contracted.'

"The requisites of a good lien are so numerous and the claimant is required to do so many things to sustain his lien, that it is not surprising that even a care-

ful attorney should fail in some one particular demanded by the act of 1901. Unless there is liberality in allowing amendments as suggested by the fifty-first section, the act becomes a snare, and the mechanic who furnishes materials and work upon the credit of a building because of the act finds he is caught and ruined."

In the instant case, if we strike off the lien, claimant will suffer a great hardship because of an exceedingly technical oversight on the sheriff's part. Unless we are compelled to do so, we are not disposed to penalize claimant so heavily.

There are no cases specifically in point. However, in our county the sheriff does not swear to his returns of service; nevertheless we accord his returns even higher respect than we do the affidavits of service of others. Our Supreme Court in its Rules of Civil Procedure regards a sheriff's unsworn return as tantamount to an affidavit of service of one not the sheriff. Pa. R. C. P. 1504 (c) dealing with service in equity, provides:

"Proof of service if made by a person other than the sheriff shall be by affidavit."

Pa. R. C. P. 1124 (d) dealing with divorce, reads:

"Proof of service or of notice, if made by a person other than the sheriff shall be by affidavit."

We do not want to be understood as holding that, in view of the foregoing rules, the requirements of section 21 is inapplicable to the sheriff. Nevertheless, we are firmly of the opinion that the instant defect can be cured by an amendment.

Accordingly, rule to strike off mechanic's lien discharged and claimant granted leave to have return of service of notice of filing claim amended by having it sworn to by the sheriff.